UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tomas Morales AJPACAJA,<br><br>         Petitioner,<br><br>v.<br><br>DOE, et al.,<br><br>         Respondents. | Case No.:  25-cv-3436-AGS-DEB<br><br>**ORDER REQUIRING RESPONSE** |

  Petitioner Tomas Morales Ajpacaja seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, she need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

  The petition does not specify when Ajpacaja arrived, nor from where. Ajpacaja, though, "has resided in California for over a decade." (ECF 1, at 9.) He alleges he was "arrested" on "June 25, 2025," and is now "detained." (*Id.*) On "September 12, 2025," an immigration judge "granted bond." (*Id.*) The government "appealed," and the "Board of Immigration Appeals" "overturned" the Immigration Judge's decision, relying on *Matter of Yajure Hurtado*. (*Id.* at 2, 7.); 29 I. & N. Dec. 216 (BIA 2025). In that case, the Board of Immigration Appeals revoked "jurisdiction" for "immigration judge[s]" to "consider the release on bond of any noncitizen who entered without inspection" under § 1225(b)(2)(A). *Esquivel-Ipina v. LaRose*, No. 25-cv-2672 JLS (BLM), 2025 WL 2998361, *2 (S.D. Cal. Oct. 24, 2025). Petitioner charges that his "detention on this basis violates the plain

1  language of the Immigration and Nationality Act" and "is plainly contrary to the statutory
2  framework and contrary to decades of agency practice." (ECF 1, at 2–3.) Petitioner alleges
3  that he is not subject to § 1225(b)(2)(A), because he is "present and residing in the United
4  States." (*Id*. at 3.) Rather, petitioner asserts that he should be "subject to . . . § 1226(a),
5  [which] allows for release on conditional parole or bond." (*Id*.)

6        This challenge has sufficient potential merit to warrant a response. Functionally
7  identical cases across the country have been found to have a "likelihood of success on the
8  merits" or have resulted in the writ being issued. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-
9  cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court
10 concludes that petitioners are likely to succeed on the merits of their claims because section
11 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*,
12 No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same);
13 *see also Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1
14 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded
15 that the government's position belies the statutory text of the INA, canons of statutory
16 interpretation, legislative history, and longstanding agency practice."); *Quispe v.
17 Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29,
18 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not
19 § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around
20 the country, including two in this Circuit, have concluded when faced with habeas petitions
21 from comparably situated petitioners.").

22       By **December 17, 2025**, respondents must answer the petition. Any reply by
23 petitioner must be filed by **December 23, 2025**. The Court will hold oral arguments on the
24 petition on **January 6, 2026**, at **2:00 p.m.**

25 Dated:  December 10, 2025

26
27                                                 Hon. Andrew G. Schopler
                                                United States District Judge
28